IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL TISTHAMMER, No. 46827-112,

Petitioner,

vs.

J. S. WALTON,

Respondent.                                              Case No. 12-cv-1266-DRH

### MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his federal sentence. The petition, filed on December 14, 2012, claims that prison officials have been deliberately indifferent to his serious medical needs. Petitioner was convicted in March 2010 after a jury trial in the Central District of California, and sentenced to 420 months imprisonment for production, receipt, and possession of child pornography. *United States v. Tisthammer*, Case No. 08-cr-0057 (C.D. Cal.). His conviction was affirmed by the United States Court of Appeals, Ninth Circuit, on June 20, 2012. Petitioner does not seek to challenge his sentence or conviction in the instant action.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to habeas relief, and the petition must be dismissed. However, the dismissal shall be without prejudice to petitioner re-filing the action as a civil rights claim. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Petitioner asserts that he was prescribed several medications for acid reflux and chronic pain, and had been provided with these medicines for over four years while imprisoned at other facilities (Doc. 1, pp. 2, 4). However, the medical staff at Marion cancelled his prescriptions and told him to purchase over the counter medications from the commissary instead. Petitioner also takes issue with the $2.00 co-payment that is assessed for all medical visits, even where an inmate has a chronic condition, in violation of Bureau of Prisons policy (Doc. 1, p. 5). He argues that these actions violate his Eighth Amendment right to proper medical care.

At the outset, this Court must independently evaluate the substance of petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum

change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

The federal habeas corpus statute cannot be used to challenge conditions of confinement. *See* 28 U.S.C. § 2241(c)(3); *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576,579 (7th Cir. 2003); *DeWalt v. Carter*, 224 F.3d 607,617 (7th Cir. 2000); *Pischke*, 178 F.3d at 500; *Graham*, 922 F.2d at 381. Without commenting on the merits of petitioner's claim, a complaint that prison medical staff were deliberately indifferent to an inmate's serious medical condition is, without a doubt, a challenge to the conditions of confinement that falls squarely within the realm of a civil rights action. Petitioner does not raise any issue that would affect the level or duration of his imprisonment.

While, in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (7th Cir. 1991) (collecting cases), in more recent cases the Seventh Circuit has held that district courts should not do this. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). It would be particularly inappropriate to recast petitioner's action here, because

petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, petitioner is responsible for paying a much higher filing fee of $350. Furthermore, petitioner might be assessed a "strike" if the Court determined that petitioner's action was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Therefore, the Court will not re-characterize the instant habeas petition as a complaint under the civil rights act.

### Pending Motion

Petitioner's motion to appoint counsel (Doc. 4) is **DENIED AS MOOT.**

### Disposition

Because petitioner's claim is not cognizable under 28 U.S.C. §2241, this action is **DISMISSED**. However, the dismissal is **WITHOUT PREJUDICE** to petitioner bringing his claims in a properly filed *Bivens* action.

The Clerk is **DIRECTED** to mail petitioner a blank civil rights complaint form and instructions, along with a blank form motion/affidavit to proceed without prepaying fees or costs.

The Clerk shall close this case.

**IT IS SO ORDERED.**

Signed this 6th day of January, 2013.

David R. Herndon
2013.01.06
16:02:58 -06'00'

**Chief Judge**
**United States District Court**